## Case No. 9,657.

### In re MITCHELL.

[8 N. B. R. 47; [1] 5 Chi. Leg. News, 271.]

District Court, D. Maine. 1872.

BANKRUPTCY—LIEN ON STOCK—WAIVER.

A party who has a lien for pasturing stock by the statute of the state, waives and abandons such lien by voluntarily surrendering up the possession of the property and allowing it to be sold without claiming any lien thereon at the time. The estate of the bankrupt, however, is liable for the keeping of the stock from the commencement of bankruptcy proceedings up to the date of its surrender.

[Cited in Re Harlow, Case No. 6,070.]

According to the laws of Maine (Act 1872), an agistor of cattle has a lien for pasturing stock which may be enforced by the court, on petition of the agistor, after commencement of proceedings in bankruptcy by or against the owner of the cattle, but it may be lost or abandoned by a voluntary surrender of the stock to the assignee. An agistor kept cattle of the bankrupt [J. C. Mitchell] for pasturing during the summer and fall months, and for some time after the proceedings in bankruptcy, and delivered them to the assignee, without claiming a lien for the pasturage, who sold them at public auction. Held, that he had lost or waived his lien as agistor by voluntarily surrendering to the assignee the cattle, and by allowing them to be sold by him as unencumbered property belonging to the bankrupt's estate, and that the keeping the property after institution of bankruptcy proceedings is an equitable lien for which the estate is liable. This is a petition of Wiley, who claimed that he had a lien on certain cattle of the bankrupt, under the laws of Maine, (Act 187,) as an agistor for pasturage of the stock during the summer and fall months, and for a period of time after the commencement of the proceedings in bankruptcy, viz.: October 17th, 1872. The assignee took the cattle and sold them as unencumbered, December 31st, following, Wiley voluntarily surrendering his possession and making no claim of his lien at the time. Wiley now prays the court to adjudge his claim to be a lien or privity under the laws of Maine.

Peters & Wilson, for Wiley.

H. C. Goodenow, assignee pro se.

FOX, District Judge. Upon the application of Moses C. Wiley, of Bangor, in the county of Penobscot and state of Maine, asking to be paid his lien as an agistor, etc., it is adjudged, under act of 1872, the petitioner

1 [Reprinted from 8 N. B. R. 47, by permission.]

had a lien for pasturing the stock, but "it is founded on the possession of the property and is lost or waived when possession is voluntarily abandoned," says Howard, J., in Miller v. Marston, 35 Me. 154, and as the petitioner voluntarily surrendered this property to the assignee, and allowed it to be sold by him as belonging to the estate and unencumbered, I do not think his lien continued, but he must be deemed to have waived and abandoned it. The estate is liable for the keeping of the property from the date of the institution of proceedings in bankruptcy.